WILLIAM L. JAMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PEERLESS INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 65302, 70278. Promulgated April 26, 1934.

*M. M. Matthiessen, Esq.*, for the petitioners.
*Warren F. Wattles, Esq.*, for the respondent.

OPINION.

ARUNDELL: In the case of petitioner James, the return was filed on March 15, 1929, and the deficiency notice was mailed on January 9, 1933. The respondent alleges fraud to remove the case from the operation of the two-year limitation period prescribed by section 275 of the Revenue Act of 1928. The evidence fails to convince us that there was fraud. Petitioner James testified and explained fully his failure to report the sale of stock of Pacific Stages, Inc. His testimony in part was as follows:

My method of reasoning on that, whether right or wrong, was simply that we received the contract and a certain amount of money that was to be turned over for stock in another company, and all we were doing was trading stock for money in one case and getting stock back, and there was no income, as far as that was concerned. That was my method of thinking of it, whether it was right or wrong.

The petitioner prepared his return himself, without assistance or advice from anyone versed in the tax law. He received no cash for himself out of the transaction and considered that he had not realized any income. We are unable to find in the evidence any indication of fraud with intent to evade tax, and we accordingly hold that respondent is barred from assessment and collection of the deficiency asserted against petitioner James. This holding makes it unnecessary to decide whether the petitioner was right or wrong in his conclusion that he had realized no income from the sale of his stock.

In the case of the Peerless Investment Co. the respondent determined that gain was realized to the extent of the difference between the value of the contracts, plus cash, turned in for stock and the cash received plus the discounted value of the notes received in 1929. He determined that the purchase contracts of the Transport Co.

when turned in to petitioner had a value of $36,192.49. His computation, as explained by counsel at the hearing, is as follows:

Amount realized on contracts:

| | |
|---|---:|
| Cash paid in by James at organization | $9,851.27 |
| Cash paid by Transport Co | 10,356.24 |
| "    "    "    "    " | 30,000.00 |
| Notes of Transport Co., discounted | 59,361.76 |
| | 109,569.27 |

Less:

| | | |
|---|---:|---:|
| Value of contracts | $36,192.49 | |
| Cash paid in— | | |
| By James | 9,851.27 | |
| By Transport Co | 10,356.24 | |
| | | 56,400.00 |
| Taxable gain | | 53,169.27 |

The petitioner reported a profit of $39,069.29 which it arrived at by the following method:

Amount realized on contracts:

| | |
|---|---:|
| Cash paid by Transport Co | $10,356.24 |
| "    "    "    "    " | 30,000.00 |
| Notes of Transport Co., discounted | 59,361.76 |
| | 99,718.00 |

Less:

| | |
|---|---:|
| Value of contracts when received | 60,648.73 |
| Profit | 39,069.27 |

Petitioner subsequently filed claim for refund of a portion of the tax paid, and it now claims that it realized no income from the transactions with James and the Transport Co. We agree with petitioner in saying it is obvious that there was no gain to it in the original transaction with James and his associates who turned in their contracts and $9,851.27 cash for stock of petitioner. That was purely a capital transaction and respondent has not asserted a tax on it. It is the next step, the liquidation of the contracts by the Transport Co., that the respondent asserts gave rise to gain. Petitioner argues that this was not a sale or exchange, but a mere conversion of capital assets, and that even if it were a sale or exchange the contracts had a value of $90,000 when turned in to it, so that the receipt of that amount in cash and notes would give rise to no gain.

We are unable to agree with petitioner's argument that the conversion of capital assets may not give rise to gain or loss. The disposition of capital assets for a sum in excess of their cost, or other basis, clearly results in income. Had the petitioner in the present case sold its contracts to outside interests, undoubtedly gain or loss

would be recognized. Looking at the other side of the ledger, outstanding capital stock is a capital item, yet the receipt of it by the issuing corporation in satisfaction of an indebtedness may result in gain or loss. *Commissioner* v. *Woods Machine Co.*, 57 Fed. (2d) 635; *Commissioner* v. *Boca Ciega Development Co.*, 66 Fed. (2d) 1004. Where upon disposition of an asset, whether it be through sale, exchange, or redemption by the obligor, the amount received is in excess of the basis, income is realized. The result is an " accession to income " which is within the scope of the taxing act. *United States* v. *Kirby Lumber Co.*, 284 U.S. 1.

The respondent has used as a basis in determining the amount of the gain a figure which he determined represented the value of the contract rights when turned in to petitioner for stock. It is urged by petitioner that the contract rights had a value of $90,000, which was the amount that the Transport Co. was obligated to pay. We assume that if the matter were seriously urged, petitioners would add to this the $10,356.24 which the Transport Co. withheld from the initial payment to meet contingent claims and released to petitioner in 1929. At the time the contracts were turned in for stock the Transport Co. was not obligated to pay $90,000. At that time it had an option to pay either that sum or one half of the profits from the operation of Pacific Stages, Inc., for a three-year period. Obviously the Transport Co. would elect to pay the lower of the two amounts, and at the time of petitioner's receipt of the contract it was not known which election the Transport Co. would make. It was not until December 1929 that the Transport Co. elected to pay $90,000. The record contains no evidence directed toward establishing the value of the contracts. The respondent has determined a value which is presumptively correct, and the petitioner has failed to meet the burden which is upon it of establishing error in the respondent's determination. *Reinecke* v. *Spalding*, 280 U.S. 227; *Welch* v. *Helvering*, 290 U.S. 111. Accordingly, decision in this case will be entered for the respondent.

> *Decision of no deficiency will be entered in Docket No. 70278. Decision for the respondent will be entered in Docket No. 65302.*